UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
QUINCY HUGHES,

                        Plaintiff,                     **VERIFIED COMPLAINT**

     -against-                                        **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK and POLICE OFFICERS
"JOHN DOE" 1-5, said names being fictitious and unknown,

                        Defendants.
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff seeks relief for the defendants violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth, Fifth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory, and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION

2.     This action is brought pursuant to the Constitution of the United States, including its Fourth, Fifth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this Court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.     The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case

or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and ( c).

6. Defendants "JOHN DOE" 1-5 said names being fictitious and unknown, were at all times relevant herein were and upon information and belief Police Officers and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK. Defendants "JOHN DOES" 1-5 were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## NOTICE OF CLAIM

7. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

8. This action was commenced within (1) one year and (90) ninety days from the date of the incident herein.

## THE PARTIES

9. Plaintiff is a citizen, resident, and was otherwise lawfully in the United States at the time of the events complained of herein.

10. Defendant THE CITY OF NEW YORK was and still is at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. Defendant, THE CITY OF NEW YORK assumes the risks incidental to the maintenance of the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE CITY OF NEW YORK.

11. Defendants Police Officers "JOHN DOE" 1-5 was/are employed by defendant, THE CITY OF NEW YORK.

## STATEMENT OF FACTS

12. Plaintiff, QUINCY HUGHES was assaulted while he was lawfully in front of the premises known as 360 Dumont Avenue, Brooklyn, New York 11212.

13. That on or about July 20th, 2014 at approximately 3:00 a.m. plaintiff was assaulted and beaten by Police Officers, 'JOHN DOE" 1-5 while he was lawfully in front of the premises known as 360 Dumont Avenue, Brooklyn, New York 11212. At no time did the plaintiff resist the aforementioned Police Officers. Said defendants handcuffed the plaintiff and then proceeded to kick him, shove his face into the ground and in other ways, inflict physical harm upon the plaintiff causing plaintiff serious personal injuries, including but not limited to, loss of teeth, bloody lip, bruises and pain to his arms, chest, neck, shoulders and back as well as other serious personal injuries.

14. Solely as a result of the foregoing, plaintiff sustained substantial and serious personal and emotional injuries.

## FIRST CLAIM
## VIOLATION OF CIVIL RIGHTS

15. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

16. By the actions described above, defendant THE CITY OF NEW YORK, by its agents, servants and employees were negligent in hiring and retention of incompetent and unfit New York City Police Department employees and negligent in the training and instruction of such employees. The acts of conduct of the defendants were the direct and proximate cause of the injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

17. By defendants' conduct and actions they violated the plaintiff's Fourteenth Amendment rights to equal protection, Police Officers "JOHN DOE" 1-5, acting under the color of law and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, by causing physical and mental injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth, Fifth and Fourteenth Amendments to be secure in their person, to be free from unreasonable physical and mental harm and punishment and to equal protection of the laws.

18. The Defendants established a custom, policy and/or practice of encouraging, approving and/or tolerating THE CITY OF NEW YORK'S acts of misconduct against civilians, and subsequent attempts to conceal such actions by failing to adequately train, supervise and discipline its agents, employees and officers.

19. The defendants' actions were undertaken under the color of law and would not have

existed but for said defendants' use of their official power.

20. The supervisors and policymaking officers of defendants, as a matter of policy, were deliberately indifferent to said practices and have failed to take steps to terminate the herein above detailed practices and have failed to discipline or otherwise properly supervise the individuals engaged in such practices.

21. Defendants have failed to properly or effectively train their agents, servants and/or employees with regard to proper constitutional and statutory limits on the exercise of their authority, and such failures continue to this day.

22. Defendants have sanctioned the policy and practices heretofore described through its deliberate indifference to the effect of such policy and practices upon the constitutional rights of plaintiff.

23. The defendants' motivations were in contravention of the United States Constitution and the Constitution of the State of New York.

24. As a result of the foregoing, plaintiff suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM
## NEGLIGENCE

25. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

26. That defendant THE CITY OF NEW YORK, through its Police Officers, agents, servants or employees acted negligently, carelessly and recklessly in failing to properly or effectively train their agents, servants and/or employees with regard to proper constitutional and statutory limits

on the exercise of their authority, and such failures continue to this day.

27. Defendants, jointly and severally, negligently caused injuries, emotional distress and damage to plaintiff. The acts of conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

28. As a result of the foregoing, plaintiff suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM
## ASSAULT AND BATTERY

29. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

30. By the actions described above, defendant THE CITY OF NEW YORK, by its agents, servants and employees allowed an assault and battery upon the plaintiff. While plaintiff was in handcuffs, defendants, Police Officers "JOHN DOE" 1-5, proceeded to kick him, shove his face into the ground and in other ways, inflict physical harm upon the plaintiff causing plaintiff serious personal injuries, including but not limited to, loss of teeth, bloody lip, bruises and pain to his arms, chest, neck, shoulders and back as well as other serious personal injuries. The acts of conduct of the defendants were the direct and proximate cause of the injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

31. As a result of the foregoing, plaintiff suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and

was otherwise damaged and injured.

## FOURTH CLAIM
## NEGLIGENT RETENTION AND NEGLIGENT HIRING

32. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

33. The defendant, THE CITY OF NEW YORK, its agents, servants or employees acted negligently, carelessly and recklessly in hiring and/or retaining the defendants, Police Officers "JOHN DOE" 1-5, in that said defendants were or should have been known to be employees who abused and misused their position.

34. The defendant, THE CITY OF NEW YORK, its agents, servants or employees acted negligently, carelessly and recklessly in supervising and/or disciplining defendants, Police Officers 'JOHN DOE" 1-5, in that said defendants were or should have been known to be employees who abused and misused their position.

35. As a result of the aforesaid, plaintiff sustained the injuries and damages previously described in this complaint.

36. As a result of the foregoing, plaintiff suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM
## NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

38. Defendants acted with the desire and intent to cause plaintiff, emotional distress or acted under circumstances known to them which made it substantially certain that they would cause

emotional distress.

    39.    Defendants acted in a manner as to negligently cause emotional distress to the plaintiff.

    40.    Defendants acted with utter disregard of the consequences of their actions.

    41.    As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint, including intentional infliction of emotional distress.

    42.    As a result of the foregoing, plaintiff suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands judgment against the defendants for his First, Second, Third, Fourth and Fifth causes of action. Plaintiff also demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages in the amount of $10,000,000.00;

    b. Punitive Damages;

    c. The convening and empanelling of a jury to consider the merits of the claims herein;

    d. Pre and post-judgment costs, interest and attorneys' fees;

    e. Such other and further relief as to this Court may deem appropriate and equitable.

Dated: Rockville Centre, New York
       May 26, 2015

Yours etc.,

**ISAACSON, SCHIOWITZ & KORSON, LLP**

By: _____
JEREMY SCHIOWITZ, ESQ. (JS 5939 )
*Attorneys for Plaintiff*
371 Merrick Road, Suite 302
Rockville Centre, New York 11570
(516) 208-1300

## **ATTORNEY VERIFICATION**

The undersigned, an attorney duly admitted to practice in the courts of New York State, hereby affirms that I am the attorney of record for the plaintiff in the within action; I have read the foregoing ***COMPLAINT*** and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this verification is made by me and not by plaintiff is because the plaintiff does not reside in the county in which my office is located.

The grounds of my belief as to all matters not stated upon my own knowledge are the reports, records and memoranda in my file, conversations had with the clients, and my own investigation.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Rockville Centre, New York
       May 24, 2015

_____
JEREMY SCHIOWITZ